IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Charles W. LOMAS, III, Attorney at Law.

Supreme Court

*No. 91-2167-D. Filed November 12, 1992.*

(Also reported in 491 N.W.2d 471.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license revoked.*

We review the recommendation of the referee that the license of Attorney Charles W. Lomas, III to practice law in Wisconsin be revoked as discipline for professional misconduct. That misconduct consisted of the following: failing to keep clients reasonably informed about the status of their matters, failing to cooperate with the Board of Attorneys Professional Responsibility (Board) in its investigation into allegations of his professional misconduct and failing to provide information requested by the Board, failing to act with reasonable diligence and

promptness in representing a client, failing to promptly deliver to clients funds to which they were entitled, making misrepresentations to clients concerning funds to which they were entitled, commingling his personal funds with client funds in his trust account and using trust account funds for personal purposes.

We determine that the recommended license revocation is appropriate discipline to impose as sanction for Attorney Lomas' professional misconduct. Attorney Lomas has violated his professional duty not only to his clients but to the court's disciplinary board. He has placed his own pecuniary interests above those of his clients and violated the essential trust that members of the public have a right to expect and demand in attorneys they retain to represent them. In addition, during the course of this proceeding, Attorney Lomas has repeatedly refused to comply with orders of the referee to produce documents.

Attorney Lomas was admitted to practice law in Wisconsin in 1984 and practices in Shawano. He has not previously been the subject of an attorney disciplinary proceeding. During the course of this proceeding, the court temporarily suspended his license to practice law, pursuant to SCR 22.30, upon the recommendation of the referee, Attorney John E. Shannon, Jr., who found that Attorney Lomas had failed to produce records concerning his trust account, failed to supply the Board with the name of an attorney or other responsible person willing to supervise the operation of his trust account and failed to return a file belonging to clients following completion of a legal settlement on their behalf. The referee also found that, because of his continued refusal and failure to comply with conditions the referee imposed and in view of checks he had previously drawn on insufficient funds in his client trust account, Attorney Lomas' con-

tinued practice of law posed a threat to clients, the public, the bar and the administration of justice. The temporary suspension, which was effective July 17, 1992, remains in effect.

Following a disciplinary hearing, the referee made the following findings of fact. In the fall of 1988, Attorney Lomas was appointed by the State Public Defender's office to represent a man on post-conviction matters following his conviction for uttering a forged check. Soon thereafter, the client received a letter from a man convicted as his accomplice stating that he had fabricated his story involving the client in the forgery in order to "cut a deal" with the prosecutor and that he now wanted to set the matter right. Attorney Lomas then interviewed his client and the "accomplice" at the prison.

Three weeks later, the client sent the State Public Defender's office a letter complaining that Attorney Lomas had failed to respond to several of his letters and failed to return telephone calls from the client's family inquiring into the status of the matter. The client also asked that a new attorney be appointed to represent him. The State Public Defender notified the client that it would not appoint new counsel and, on the same date, sent Attorney Lomas a copy of the client's letter.

Shortly before the client sent that letter to the State Public Defender, Attorney Lomas had filed a motion in circuit court to correct the transcript of the client's trial in regard to alleged prejudicial statements made by the prosecutor during closing argument. That motion was denied following a hearing and Attorney Lomas later told the Board that he concluded from that denial that there was no basis for an appeal of his client's conviction. However, he did not tell the client that he had filed the motion, the date of the hearing on it, the court's

decision or his determination not to pursue an appeal on the client's behalf. The client then unsuccessfully pursued the appeal on his own behalf.

The Board asked Attorney Lomas to furnish a copy of his complete file in this matter but Attorney Lomas failed to do so. He did submit to the Board what he described as the client's file "to the extent that it bears on [the Board's] investigation" but that submission consisted only of copies of two letters the client had written to him; it contained no notes pertaining to Attorney Lomas' interviews with the client or with the "accomplice." Attorney Lomas failed to respond to the Board's subsequent letters asking for his entire file except to send materials relating primarily to the client's criminal conviction, not to his post-conviction matters, and a copy of the notice of appeal and a no-merit report he filed in the matter.

During its investigation of this matter, the Board learned that in January, 1989 Attorney Lomas took a temporary part-time position in the office of the district attorney for Shawano county. While occupying that position, he continued as attorney of record for this client in the criminal appeal, although he did not perform any work on that client's case while actively involved in the district attorney's office. Nevertheless, he failed to notify his client of his conflict or potential conflict and to obtain the client's consent to continue representing him.

The referee concluded that Attorney Lomas failed to keep this client reasonably informed about the status of his legal matter, in violation of SCR 20:1.4(a),[1]

---

[1]SCR 20:1.4 provides:

**Communication**
 (a) A lawyer shall keep a client reasonably informed about the

accepted employment in the district attorney's office which was adverse to or materially limited his representation of this client, in violation of SCR 20:1.7(a),[2] and failed to respond to Board requests for information during its investigation, in violation of SCR 22.07(2).[3]

In another matter in which he was appointed to represent a client in post-conviction matters in 1988, Attorney Lomas told the client he did not believe there was a legal basis for an appeal but suggested that a modification of sentence might be obtained. However, after reviewing the presentence investigation report, he concluded that there was no basis for seeking a sentence modification but he did not tell his client of that conclusion. The client then proceeded on his own behalf on a post-conviction motion, which was denied.

status of a matter and promptly comply with reasonable requests for information.

[2]SCR 20:1.7 provides:

**Conflict of interest; general rule**
 (a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:
 (1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and
 (2) each client consents in writing after consultation.

[3]SCR 22.07 provides:

**Investigation**
 . . .
 (2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investigated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

During the Board's investigation of the client's grievance in this matter, Attorney Lomas failed to respond to requests for information. Ultimately, he admitted that he had received two letters from his client but did not respond to them and admitted that he was negligent in pursuing his client's interests.

The referee concluded that Attorney Lomas failed to act with reasonable diligence and promptness in representing this client, in violation of SCR 20:1.3,[4] failed to keep the client reasonably informed of the status of the matter, in violation of SCR 20:1.4(a), and failed to provide information to the Board as requested during its investigation, in violation of SCR 22.07(2).

In a third matter, in which he represented a man in a civil action, Attorney Lomas converted to his own use a $1,000 settlement payment he had received on behalf of his client and placed in his client trust account. He initially told the client the payment was late because he did not have the time to prepare the necessary papers for his client to sign. He later sent the client the papers for signature after the client had made several requests and ultimately threatened to contact the State Bar Association. The check representing the settlement funds he sent to the client was drawn on the trust account into which Attorney Lomas had deposited his personal funds to pay the check.

The referee concluded that Attorney Lomas violated SCR 20:1.15(b)[5] by failing to deliver promptly funds to

[4]SCR 20:1.3 provides:

**Diligence**
 A lawyer shall act with reasonable diligence and promptness in representing a client.

[5]SCR 20:1.15 provides:

**Safekeeping property.**

which the client was entitled; his conversion of the client's settlement funds to his own use and issuing checks on his own funds in his trust account constituted conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20:8.4(c).[6]

A fourth matter concerned Attorney Lomas' conduct in representing a couple in a small claims action. Attorney Lomas received a $150 settlement check, together with a proposed stipulation and order for dismissal of the action. He deposited that check into his trust account on April 11, 1990 but did not return the stipulation, despite numerous requests from the defendant's attorney to do so. He told his clients that he had not received the settlement from the defendant's attorney but they later learned from that attorney that he had sent the check and stipulation to Attorney Lomas on March 30, 1990. When the clients confronted Attorney Lomas, he admitted he had experienced a problem with his trust account and was using their settlement funds to cover an overdraft and told them he would issue a check to them within a few days. When he did not do so, the

. . .
(b) Upon receiving funds or other property in which a client or third person has an interest, a lawyer shall promptly notify the client or third person in writing. Except as stated in this rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds or other property that the client or third person is entitled to receive and, upon request by the client or third person, shall render a full accounting regarding such property.

[6]SCR 20:8.4 provides:

**Misconduct**

It is professional misconduct for a lawyer to:

. . .
(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation.

clients repeatedly telephoned him during the following three weeks requesting payment. He issued his trust account check on May 6, 1990, which was drawn on fees Attorney Lomas had received from another client. The referee concluded that Attorney Lomas failed to deliver promptly funds to which his clients were entitled, in violation of SCR 20:1.15(b), and that his conversion of client funds to his own use violated SCR 20:8.4(c).

In December, 1990 the Board received a letter from the office of the district attorney for Shawano county stating that area merchants had reported receiving five checks Attorney Lomas had issued on his client trust account which, when presented for payment, were returned marked "Account Closed." The Board's examination of Attorney Lomas' trust account disclosed that during the period July 29 through November 19, 1990, Attorney Lomas wrote 22 checks totaling $836.74 on his trust account payable to retail establishments, including food stores and a telephone utility.

The Board's subsequent investigation disclosed a number of checks that had been deposited into Attorney Lomas' trust account which did not disclose the source of the funds deposited as belonging to specific clients or in connection with specific legal matters. Accordingly, the Board asked Attorney Lomas to submit all records for his trust account for a three-year period, including records an attorney is required to maintain pursuant to SCR 20:1.15(e).[7] Attorney Lomas did not respond to two

---

[7]SCR 20:1.15 provides:

**Safekeeping property.**

. . .

(e) Complete records of trust account funds and other trust property shall be kept by the lawyer and shall be preserved for a period of at least six years after termination of the representation. Complete records shall include: (i) a cash receipts journal, listing the

requests to provide those records.

The referee concluded that Attorney Lomas commingled personal funds with client funds in his trust account, in violation of SCR 20:1.15(a),[8] engaged in con-

sources and date of each receipt, (ii) a disbursements journal, listing the date and payee of each disbursement, with all disbursements being paid by check, (iii) a subsidiary ledger containing a separate page for each person or company for whom funds have been received in trust, showing the date and amount of each receipt, the date and amount of each disbursement, and any unexpended balance, (iv) a monthly schedule of the subsidiary ledger, indicating the balance of each client's account at the end of each month, (v) a determination of the cash balance (checkbook balance) at the end of each month, taken from the cash receipts and cash disbursement journals and a reconciliation of the cash balance (checkbook balance) with the balance indicated in the bank statement, and (vi) monthly statements, including canceled checks, vouchers or share drafts, and duplicate deposit slips. A record of all property other than cash which is held in trust for clients or third persons, as required by paragraph (a) hereof, shall also be maintained. All trust account records shall be deemed to have public aspects as related to the lawyer's fitness to practice.

[8]SCR 20:1.15 provides:

**Safekeeping property.**

(a) A lawyer shall hold in trust, separate from the lawyer's own property, property of clients of third persons that is in the lawyer's possession in connection with a representation. All funds of clients paid to a lawyer or law firm shall be deposited in one or more identifiable trust accounts as provided in paragraph (c) maintained in a bank, trust company, credit union or savings and loan association authorized to do business and located in Wisconsin, which account shall be clearly designated as "Client's Account" or "Trust Account" or words of similar import, and no funds belonging to the lawyer or law firm except funds reasonably sufficient to pay account service charges may be deposited in such an account. Unless the client otherwise directs in writing, securities in bearer form shall be kept by the attorney in a safe deposit box in a bank, trust company, credit union or savings and loan association authorized to do business and located in Wisconsin, which safe deposit box shall be clearly designated as "Client's Account" or "Trust Account" or words of similar import. Other property of a client or third person shall be identified as such and appropriately safeguarded. If a lawyer also

370

duct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20:8.4(c), by commingling personal funds with client funds and issuing checks to retail merchants on his trust account, knowing there were insufficient funds to pay those checks, and violated SCR 22.07(2) by failing to respond to Board requests for information and production of trust account documents in its investigation.

As discipline for his professional misconduct, the referee recommended that the court revoke Attorney Lomas' license to practice law, order him to return files to the clients to whom they belong and make restitution to clients whose funds he converted in the matters considered in this proceeding. The referee also recommended that Attorney Lomas be required to pay the costs of this disciplinary proceeding.

We adopt the referee's findings of fact and conclusions of law and accept the recommendation for discipline. We also accept the referee's recommendation concerning the return of client property and funds and the payment of costs of the proceeding. The seriousness of Attorney Lomas' misconduct warrants the imposition of the most severe sanction—license revocation.

IT IS ORDERED that the license of Charles W. Lomas, III to practice law in Wisconsin is revoked, effective the date of this order.

IT IS FURTHER ORDERED that within 60 days of the date of this order Charles W. Lomas, III return client files and other property in his possession and make restitution to those whose funds he converted.

IT IS FURTHER ORDERED that within 60 days of the date of this order Charles W. Lomas, III pay to the

licensed in another state is entrusted with funds or property in connection with an out-of-state representation this provision shall not supersede the trust account rules of such other state.

Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding.

IT IS FURTHER ORDERED that Charles W. Lomas, III comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.